**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-01-6 |
| | § | C.A. No. C-07-36 |
| ROGELIO BUSTOS | § | |
| | § | |
| Defendant-Movant. | § | |

**<u>ORDER</u>**

On January 22, 2007, the Clerk's office received a motion from Defendant Rogelio Bustos

("Bustos"). (D.E. 19.)[1]  The document appears to use a form for requesting executive clemency, but

Bustos has titled it as a "Motion for Time Reduction By An Inmate in Federal Custody (28 U.S.C. §

2255)." (D.E. 19 at 1.)  In addition to referencing clemency in several places, the motion states that

the relief sought is a reduction in his prison sentence.  (<u>Id.</u>)  The brief motion lists a single ground for

relief.  Specifically, Bustos states:

> I would like to get my time reduction because I think the way I make
> my time I'm redy to change to be and new person.  I hope to consider
> my petition.  Thank you and God bless you. [sic]

(D.E. 19 at 2 (errors in original).)  The entirety of his motion leads that Court to conclude that Bustos

seeks a reduction in his sentence based on post-conviction rehabilitation.  As discussed herein, the

Court construes his filing as a motion to reduce sentence and the motion is DENIED.

---

[1]  Docket entries refer to the criminal case, Cr. C-01-6.

## I.  BACKGROUND

On January 10, 2001, Bustos was charged in a single-count indictment with possession with intent to distribute approximately 8 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  (D.E. 1.)  On February 27, 2001, he pleaded guilty pursuant to a written plea agreement. (D.E. 5, 6.)  Bustos was sentenced on May 8, 2001 to 120 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term, and the Court also imposed a $50 fine and a $100 special assessment.  (D.E. 10, 12.)  Judgment was entered against Bustos on May 17, 2001.  (D.E. 12.)  He appealed, and the Fifth Circuit dismissed the appeal in a per curiam opinion issued December 12, 2001, after finding no nonfrivolous issues for appeal. (D.E. 18.) Bustos did not file a petition for writ of certiorari.

## II.  ANALYSIS

### A.      Characterization of Motion

At the outset, the Court notes that *pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996).  Although Bustos in one place references 28 U.S.C. § 2255, he is not challenging his conviction or sentence on any constitutional ground, nor does he assert any cognizable ground for relief under § 2255.  Instead, he appears to be asking for a reduction in sentence based on his post-conviction rehabilitation and the way he has served his time.  Because of this, the Court is unsure as to whether Bustos intended to file a § 2255 motion.  Particularly in light of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), the Court declines to construe his motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first

petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).[2]  Rather, the Court construes his filing as a motion for reduction in sentence.

**B.      Motion for Reduced Sentence**

Having determined that Bustos' motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds that entitle him to relief.  This Court has authority to modify or  correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

Bustos fails to assert grounds for modification that fall into any of the categories above. Rather, he is simply asking for a reduced sentence based on the way he has served his time, and the fact that he is ready to "change" and to be a "new person."  Therefore, the Court does not have authority to alter Bustos' sentence and his motion is DENIED.

### III.  CONCLUSION

For the foregoing reasons, Bustos' motion (D.E. 19) is construed as a motion to reduce sentence under 18 U.S.C. § 3582, and is DENIED.  Additionally, in light of this Court's determination that Bustos' motion is not properly construed as a § 2255 motion, the Clerk is directed to

---

[2]  Moreover, even if it were construed as a § 2255, Bustos' motion would likely be barred by the applicable one-year statute of limitations, since his conviction became final in 2002.  See 28 U.S.C. § 2255.

administratively close the corresponding civil action opened in connection with Bustos' motion, Civil

No. C-07-36.


     It is so ORDERED this 8th day of February, 2007.


                              Janis Graham Jack
                              United States District Judge